**Dated: April 17, 2006**
**The following is ORDERED:**



                                                        Tom R. Cornish
                                      UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**THERESSA MERLENE LAWSON**,          Case No. 05-75155
                                                    Chapter 7

          Debtor.

### O R D E R

On this 8th day of March, 2006, this matter came on for trial on the Debtor's Motion to Avoid Judicial Lien on Real Estate and the Objection thereto filed by the State of Oklahoma *ex rel* Board of Regents for the University of Oklahoma ("OU"). Debtor appeared *pro se*, and OU was represented by Richard Winblad. After hearing and reviewing the evidence and testimony presented by the parties, this Court does hereby enter its findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

### FINDINGS OF FACT

Debtor commenced this Chapter 7 proceeding on October 1, 2005 and was discharged on January 25, 2006. In 1993, Debtor was accepted into OU's College of Law and borrowed funds

from OU to pay for her tuition and housing.  Debtor withdrew from law school and defaulted on the loan.  In 2004, OU filed an action in Cleveland County, State of Oklahoma, Case No. CS-03-1274, against Debtor to recover monies due on the student loan.[1]  Debtor claimed to have no notice of this lawsuit.  OU supplied the Court with an affidavit of service which stated that Debtor was personally served with notice of OU's lawsuit on May 21, 2004.[2]  A Journal Entry of Judgment was entered on July 1, 2004, in the amount of $2,268.45 plus interest, costs and attorney's fees of $340.00.  OU recorded its judgment with the Muskogee County Clerk, State of Oklahoma, on September 21, 2004.  Debtor's home is located in Muskogee County, Oklahoma.  It is her principal residence.  Her bankruptcy schedules indicate a value of $40,000 subject to a mortgage of $33,315.88.

## CONCLUSIONS OF LAW

The Debtor filed her Motion to Avoid Judicial Lien pursuant to 11 U.S.C. §522(f) which provides, in part:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -
> (A) a judicial lien . . . .

Oklahoma has opted out of the federal exemption provisions, therefore, we look to Oklahoma law to determine whether Debtor qualifies for an exemption before we consider whether OU's judgment lien impairs that lien.  Okla. Stat. tit. 31, § 1(a)(1) (West Supp. 2006) provides for a homestead exemption for a debtor's home if that home is the debtor's principal residence.

---

[1] The statute of limitations does not bar the suit of any governmental entity in its sovereign capacity to vindicate public rights.  *State ex rel. Schones v. Town of Canute*, 1993 OK 90, 858 P.2d 436.

[2] The Court is satisfied that proper service on Debtor was effected in the state court action.

OU raises three primary defenses to Debtor's motion. First, it argues that its lien should not be avoided because it does not impair an exemption. OU refers the Court to a brief filed on the issue of impairment of exemptions by judicial liens in another bankruptcy case in this district, *In re Morgan*, Case No. 05-70494. In that brief, the creditor argued that Oklahoma does not exempt homestead property from the attachment of judgment liens, therefore, a creditor's judgment lien does not impair a debtor's homestead exemption until a creditor attempts to execute on that lien. Although state law defines exempt property, federal law governs regarding lien avoidance. *In re Strother*, 328 B.R. 818, 821 (10th Cir. BAP 2005); *Coats v. Ogg (In re Coats),* 232 B.R. 209, 213 (10th Cir. BAP 1999). To the extent state law interferes with the "fresh start" policy underlying the lien avoidance provisions of § 522(f), federal law preempts it. *Coats* at 213. Accordingly, this Court must look to federal law, rather than state law, regarding impairment of exempt property.

Under the Bankruptcy Code, a judicial lien may be avoided if it impairs the debtor's exempt property pursuant to § 522(f). A judgment lien impairs a debtor's Oklahoma homestead exemption and can therefore be avoided under § 522(f) even though the state law prohibits the forced sale of the property. *Coats* at 212. Accordingly, OU's judicial lien impairs Debtor's homestead and can be avoided. Impairment of exempt property is further defined in §522(f)(2)(A). A lien impairs an exemption to the extent that the sum of the lien, all other liens on the property and the amount of the exemption Debtor could claim if there were no liens on the property exceeds the value of Debtor's interest in the property absent any liens. Applying the formula to this case as the court did in *Coats*, Debtor's homestead exemption is impaired by OU's judicial lien. *Coats* at 214. OU advances no alternative calculation or legal authority which supports its claim that its judicial lien does not impair Debtor's homestead exemption, except to

reiterate its position that Oklahoma does not exempt judgment liens. This Court declines to adopt another method for valuing impairment of exemptions.

Secondly, OU argues that its lien should not be avoided because the underlying debt of a student loan is nondischargeable under § 523. Section 522(c) sets forth the general rule that exempt property will not be liable for pre-petition debts, but does include several exceptions to this rule, some of which are for nondischargeable debts under § 523. "The fact that Section 522(c) expressly excepts a few debts that are nondischargeable under Section 523, but makes no mention of the others, evidences Congressional intent to insulate exempt property from most nondischargeable debts." *In re Vaughan*, 311 B.R. 573, 579 (10th Cir. BAP 2004). Student loan debt is only excepted from § 522 if the debt was obtained through fraud. §522(c)(4). OU has not suggested nor was any evidence presented to this Court which indicates that Debtor's financial assistance was somehow fraudulently obtained. The fact that the underlying debt of student loans may not be dischargeable does not defeat the protection of exempt property from judicial liens of § 522. OU's lien does not fall within one of the exceptions to § 522, therefore it may not be avoided on the grounds that the underlying debt may be nondischargeable.

Finally, OU questions whether Debtor's property qualifies for a homestead exemption. A debtor's claimed homestead is presumed to be valid, and the objecting creditor bears the burden of producing evidence to rebut that presumption. *In re Robinson,* 295 B.R. 147 (10th Cir. BAP 2003). OU presented no evidence disputing this presumption, therefore its argument that she was not entitled to a homestead exemption fails. Debtor's Muskogee residence is her homestead and qualifies as exempt property under Oklahoma law.

OU's due process argument is moot as the parties had the opportunity to conduct discovery, and were presented a full evidentiary hearing on Debtor's Motion.

IT IS THEREFORE ORDERED that Debtor's Motion to Avoid Judicial Lien on Real Estate is **granted.**

###